36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne D. SAXTON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3285.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1994.
 
 Before ARCHER, Chief Judge, and RICH and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Wayne D. Saxton petitions for review of the Opinion and Order of the Merit Systems Protection Board (Board), dated April 1, 1994, dismissing as untimely his petitions for review of the Board's decisions in Docket Nos. DC-0752-91-0462-I-1, DC-0752-91-0462-C-1, DC-3443-91-0702-I-1, and DC-0752-91-0739-I-1. We affirm.
 
 DISCUSSION
 
 2
 Mr. Saxton filed the first of his petition papers, specifically referencing Docket Nos. DC-0752-91-0462-I-1 and DC-0752-91-0739-I-1, on November 30, 1993, almost two years after the issuance of the Board's last decision in the four noted cases. Shortly thereafter, he submitted additional papers referencing Docket Nos. DC-0752-91-0462-C-1 and DC-3443-91-0702-I-1. The Board rejected Mr. Saxton's petitions for failure to include certificates of service and gave him fifteen days to correct this error. The Board also informed Saxton that his petitions appeared to be untimely and that he should submit either a motion for waiver of the time limit or a sworn statement setting forth good cause for the late filing. Mr. Saxton timely refiled his petitions with the appropriate certificates of service, but failed to address upon refiling the Board's inquiry into the timeliness of his petitions. The Board consequently again informed Mr. Saxton that he had the burden of submitting an affidavit or sworn statement showing good cause for the untimeliness of his petitions. In response, Mr. Saxton filed a sworn statement on January 13, 1994, declaring that the delay was in part agency induced. The Board found this unconvincing and dismissed his appeal as untimely.
 
 
 3
 In his petition to this court, Mr. Saxton fails to address the Board's handling of the timeliness issue. Instead, he sets forth arguments regarding the underlying merits of his petitions. This court, however, may not address the merits of the claims set forth in his petitions. Rather, we may simply address the narrow issue of whether the Board erred in dismissing Mr. Saxton's petitions for untimeliness. See Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986).
 
 
 4
 In this regard, we note that the Board has broad discretion in deciding whether or not to waive the regulatory time limit for filing an appeal, and that this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). That being said, we cannot say that the Board erred in dismissing Mr. Saxton's petitions. As noted by the Board, Mr. Saxton failed to set forth any specific facts in support of his contention of agency delay, or any explanation as to how any such agency delay justified his two year delay.
 
 
 5
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Finding no such grounds present here, we affirm the decision below.